UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cr-20336-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCHNAIDER CESAR,

    Defendant.

_____

**DEFENDANT CESAR'S RESPONSE TO GOVERNMENT'S OMNIBUS MOTION IN LIMINE**

The Defendant, SCHNAIDER CESAR, by and through his undersigned counsel, files this Response to the Government's Omnibus Motion in Limine (D.E. 123) and in support thereof, state as follows:

1. Pursuant to The Government's Omnibus Motion in Limine (D.E. 123) the government seeks to introduce Mr. Cesar's prior state court conviction dated May 10, 2022, in Miami-Dade County case number F22-3896. The convictions in that case are for Fleeing/Eluding Police with Lights and Sirens; Reckless Driving; Driving with License Suspended.

2. The Government seeks to introduce evidence of these convictions under two alternate theories. Both of the Government's theories fail to be

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 230, 100 Almeria Avenue, Coral Gables, FL 33134
• Phone 305-444-0030
www.dmtlaw.com

sufficient for their introduction in the trial of the instant case.

## **Inextricably Intertwined**

The Government claims that on June 4, 2024 (more than a year after the robbery alleged in this matter took place and after numerous debriefings, Co-defendant Blanc all of a sudden informed law enforcement that the reason Mr. Cesar was the "get-away driver" was because Cesar said he had experience escaping from police (i.e. "pulling chase"). The Government's argument that this prior event somehow is inextricably intertwined to the events that occurred in this incident approximately a year later is misplaced. There are no facts or circumstances that are similar between Mr. Cesar's prior conviction and the case at bar. In his previous conviction, Mr. Cesar fled from police after doing "doughnuts" in the parking lot of his high school. Ultimately, a few days later, he was caught and convicted for that offense. That case did not involve the taking of any property from another individual.

## **Rule 404(b) Evidence**

Prior act evidence may be admitted when it is offered for some other purpose than to show bad character or propensity. It may be offered to show motive, opportunity, intent, preparations, plan, knowledge or identity. Fed. R. Evidence 404(b). Even when evidence of other acts is admitted for a permissible

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 230, 100 Almeria Avenue, Coral Gables, FL 33134
• Phone 305-444-0030
www.dmtlaw.com

purpose, there is still the danger that a defendant will be convicted because he previously committed a bad act. As such, the use of such evidence must be carefully limited.

Currently, there is a four part test under *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L. Ed. 2d 771 (1988), for analyzing whether this evidence would be admissible. The Court must first look to see whether there is sufficient evidence to conclude that the prior crime occurred; whether the evidence was too remote in time; whether the offenses were similar; and lastly, the prior act must be offered to prove a material element of the offense. Analyzing the prior acts of the Defendant, the Government fails to satisfy these requirements. Specifically, these offenses are not similar in nature or seriousness. The prior case by Mr. Cesar was simply fleeing from police after committing a traffic infraction, as opposed to a violent felony robbery. In addition, Mr. Blanc was not involved in the offense that the government seeks to introduce in this trial.

Furthermore, the evidence of Mr. Cesar's prior conviction for Fleeing and Eluding does not prove any material element of this offense. The offense of carjacking is proven by the taking of a car by force. It is the taking by threat or force that are the material elements of the offense of which Mr. Cesar is charged. It <u>is irrelevant and not material</u> whether someone who may have assisted in a

Page **3** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 230, 100 Almeria Avenue, Coral Gables, FL 33134
• Phone 305-444-0030
www.dmtlaw.com

robbery has experience driving fast. Under the Government's theory, even a simple Speeding citation would be enough to argue that the evidence should be presented to the jury.

Regardless of the Government's theory of introduction, the proffered evidence should also be precluded under Rule 403 because the **probative value of such evidence is substantially outweighed** by its unfair prejudice. *U.S. v. Jernigan*, 341 F.3d 1273, (11th Cir. 2003).

**WHEREFORE**, the Defendant, SCHAIDER CESAR, respectfully requests that this Honorable Court preclude the Government from introducing evidence of Mr. Cesar's prior conviction for Fleeing and Eluding Police under Miami-Dade County case number F22-3896.

**DATED:** November 18, 2024.

> Respectfully submitted,
>
> **Donet, McMillan & Trontz, P.A.**
>
> By: /s/ David A. Donet, Jr.
> David A. Donet, Jr., Esq.
> Florida Bar No.: 129810
> Attorney for Schnaider Cesar

[Certificate of Service on next page]

Page **4** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 230, 100 Almeria Avenue, Coral Gables, FL 33134
• Phone 305-444-0030
www.dmtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 18, 2024, the undersigned electronically filed the foregoing Defendant Schnaider Cesar's response to the Government's Omnibus Motion in Limine (D.E. 123) with the Clerk of the Court using CM/ECF.

**Donet, McMillan & Trontz, P.A.**

By: /s/ *David A. Donet, Jr.*
David A. Donet, Jr., Esq.
Florida Bar No.: 129810
Attorney for Schnaider Cesar
100 Almeria Avenue
Suite 230
Coral Gables, FL 33134
Telephone: (305) 444-0030
Email: donet@dmtlaw.com
Email: paralegals@dmtlaw.com

Page **5** of **5**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 230, 100 Almeria Avenue, Coral Gables, FL 33134
• Phone 305-444-0030
www.dmtlaw.com