UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cr-20336-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCHNAIDER CESAR,

    Defendant.

_____

### DEFENDANT SCHNAIDER CESAR'S OBJECTIONS TO THE [DE 209] PRESENTENCE INVESTIGATION REPORT

The Defendant, Schnaider Cesar (Mr. Cesar), by and through his undersigned counsel, files this, Defendant's Objections to the [DE 209] Presentence Investigation Report (PSR), and in support thereof, states as follows:

1.    Mr. Cesar's Sentencing Hearing is set for April 18, 2025, at 11:00 A.M. (See [DE 198]).

2.    Mr. Cesar was charged by Indictment [DE 1] in the above styled matter with a single Count of Carjacking, in violation of 18 U.S.C. § 2119(1).

3.    The DRAFT Disclosure of Presentence Investigation Report for Mr. Cesar [DE 209] was filed on Tuesday, February 25, 2025.

[Continued on next page]

**Objection to Failure to Recommend a Minor Role Reduction.**

4.     The Probation Officer set forth the following statement at paragraph 14 of the PSR [DE 209] as to why she declined to recommend a "minor role" adjustment: "*Blanc and Cesar were not in a supervisory or subordinate position to one another; therefore neither an aggravating or mitigating role adjustment was recommended.*"

5.     The Probation Officer's election not to recommend a "minor role" adjustment here contradicts the evidence adduced at trial related to the superior roles, interests, decision making and involvement that Burns and Blanc played in this robbery.

6.     The evidence at trial established that Mr. Cesar's role was clearly "minimal" in comparison to those of Burns and Blanc. Specifically, as it relates to Burns, Mr. Cesar was much less involved in this robbery. For instance, Burns was the "shot caller," as he devised and formulated the robbery's plans and directed Blanc and Mr. Cesar as to what to do in the robbery; and Burns, along with Blanc and others, stripped parts from the stolen vehicle and then burned that vehicle to destroy evidence. Similarly, as it relates to Blanc, Mr. Cesar was even less involved in this robbery. The crashed rental car was rented by Blanc, who was financially responsible for the damage to his rental vehicle and thus, had a

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

substantial financial interest in stealing a bumper from another car to replace the damage parts on his rental car. Additionally, as indicated above, Blanc actively participated in stripping the parts from the stolen car; he was further actively involved in burning the stolen car to destroy evidence and the stolen car was taken to, stripped and eventually burned adjacent to Blanc's residence.

7. In contrast, Mr. Cesar's sole role in this robbery was to drive the rental car from the scene of the robbery, to Blanc's residence. (This drive was only several minutes long). Mr. Cesar then drove the rental car from Blanc's residence to the parking lot of his own apartment complex, where he parked it. (This drive took approximately 20 minutes) and that is it. Mr. Cesar did not cause the damage to the rental car; he was not financially responsible for the damages to the rental car; he did not decide which car or whom to rob; he did not possess any weapon; he had no decision-making authority regarding the robbery or the destruction of evidence; he did not participate in the stripping of parts from the stolen vehicle; he did not participate in the burning of the rental vehicle; and he did not buy the gasoline to burn the rental vehicle. In sum, Mr. Cesar's role in this crime was substantially less culpable than his co-defendants – indeed, he had a minimal role in this criminal activity.

8. Section 3B1.2 (b) of the United States Sentencing Guidelines

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

authorizes a "minor role" adjustment for a defendant who is a minor participant in the criminal activity. USSG §3B1.2(b).

    9.    Application Note 3(A) to USSG §3B1.2 instructs that:

> "**(A)** Substantially Less Culpable than Average Participant. – This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG app §3B1.2.

    10.    Significantly, this Application Note provides an example of a "minor role" that can be compared to Mr. Cesar's mininmal participation as a driver in the criminal conduct here by indicating (in the context of drug-trafficking) that:

> "For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to <u>transporting</u> or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." ***Id.*** (Underlined emphasis ours).

    11.    Application Note 3 (C) to USSG §3B1.2 provides a non-exhaustive list of applicable factors for the Court to consider:

> "**(C)** Fact-Based Determination. The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

Page **4** of **9**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i) The degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

The Note adds that:

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The Note adds further that:

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity. ***Id.***.

12. In ***United States v. De Varon***, 175 F.3d 930 (11th Cir. 1999), the Court held that:

Page **5** of **9**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

"[A] district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." *Id.* at 940.

13. Here, the PSR [DE 209] actually recognizes the distinctions in levels of culpability among the individuals involved in this robbery.

14. Therefore, based on the foregoing Application Notes, Mr. Cesar's small part in this robbery is indicative of a role as a minimal participant. Indeed, the PSR [DE 209] and the overwhelming evidence introduced at trial, clearly show that Mr. Cesar performed one of the most minimal roles in this criminal activity. Moreover, he had no financial interest in the robbery.

15. In addition, an analysis of the list of factors to be considered by the Court under USSG §3B1.2, shows that they overwhelmingly lead to the conclusion that Mr. Cesar played a "minimal" role.

16. For example, under factor *(ii) the degree to which the defendant participated in planning or organizing the criminal activity*, there is no question that Mr. Cesar did not participate in planning or organizing the robbery (Those functions were performed by Burns); while factor *(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of*

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

*authority*, also cuts in favor of Mr. Cesar, as it is clear from the evidence at trial and from the PSR [DE 209] that Mr. Cesar did not have any decision-making authority, nor did he influence the exercise of such authority. Furthermore, a review of factor *(iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including the acts that the defendant performed and the responsibility and discretion the defendant had in performing those acts*, clearly shows that Mr. Cesar's participation was solely to drive the rental car on two very brief occasions. Lastly, factor *(v) the degree to which the defendant stood to benefit from the criminal activity*, makes it clear that this factor also cuts in Mr. Cesar's favor, as he had no financial interest in the rental vehicle; no financial responsibility for the damage to the rental vehicle and he was not being compensated in any way for driving the rental vehicle on those two brief occasions.

**Objection to Paragraphs 12, 13 and 14 of the Offense Conduct.**

17.     The Probation Officer asserts in paragraph 13 of the PSR [DE 209] that Burns, Blanc <u>and Cesar</u> burned the victim's vehicle and implicitly makes the same assertion in paragraphs 12 and 14 by stating that "*Burns directed Blanc and Cesar and exercised decision-making authority throughout the offense, including directing Blanc <u>and Cesar</u> to set the vehicle on fire.*" (Underlined emphasis ours).

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

18.  However, these statements are contrary to the evidence at trial (which included video surveillance and trial testimony) that established that Mr. Cesar was not involved in burning the victim's vehicle. Indeed, this factual error was also pointed out by the government in its Objections to Burns' PSR: ("*Rather than "and Cesar," the text should be "and others*."). (See [DE 212], Par. I.A. and B.).

**WHEREFORE**, for the foregoing reasons, Defendant Schnaider Cesar respectfully requests that this Honorable Court sustain his objections to the PSR [DE 209], grant him a 4-level mitigating role adjustment as a minimal participant pursuant to USSG §3B1.2 (b), and sentence him to a reasonable sentence that takes into account the totality of the sentencing factors set forth in 18 U.S.C. §3553.

**DATED** on March 31, 2025.

    Respectfully submitted,

    **Donet, McMillan &Trontz, P.A.**

    By: /s/ David A. Donet, Jr.
    David A. Donet, Jr., Esq.
    Florida Bar No.: 128910
    Attorney for Defendant Schnaider Cesar

[Certificate of Service on next page]

Page **8** of **9**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 31, 2025, undersigned counsel electronically filed the foregoing Defendant Schnaider Cesar's Objections to the [DE 209] Presentence Investigation Report with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

                                    **Donet, McMillan &Trontz, P.A.**

                        By: /s/ David A. Donet, Jr.
                              David A. Donet, Jr., Esq.
                              Florida Bar No.: 128910
                              Attorney for Defendant Schnaider Cesar
                              100 Almeria Avenue, Suite 230
                              Coral Gables, Florida 33134
                              Telephone: (305) 444-0030
                              Email: donet@dmtlaw.com
                              Email: paralegals@dmtlaw.com

Page **9** of **9**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com