UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA

v.

SCHNAIDER CESAR,

    **Defendant.**

_____/

**UNITED STATES' RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE
<u>PRESENTENCE INVESTIGATION REPORT</u>**

The United States of America hereby files this Response to the Defendant's Objections to the Presentence Investigation Report (DE 224). The Defendant argues he should receive a minor role reduction, but his pivotal role in the offense, coupled with his knowledge of the overarching scheme, make him ineligible. And while the Defendant did not help burn the victim's vehicle, this was because he had an equally important job to do: he was getting rid of the getaway car. This Court should overrule the Defendant's minor-role objection and impose a within-guidelines sentence.

**I.  FACTUAL OBJECTIONS**

    **A.  Paragraphs 12, 13, and 14**

The Defendant objects to the facts contained in paragraphs 12, 13, and 14 of the PSI which state that Burns directed Blanc **and Cesar** to burn the victim's car. (DE 224:7). The United States agrees with this factual objection and recommends that the text change from "Burns directed Blanc **and Cesar**" to burn the victim's car to "Burns directed Blanc **and others** . . . ." (PSI ¶¶ 12–14).

## II.  OBJECTION AS TO ROLE

### A.  Legal Framework

The Defendant objects to the United States Probation Office's ("USPO") refusal to "recommend a 'minor role' adjustment . . . ." (DE 224:2, 8). The Defendant contends that a four-level reduction is warranted because his "sole role in this robbery" was to be the getaway driver. (*Id.* at 3). He further avers that he "did not participate in planning or organizing the robbery . . . ." (*Id.* at 6). He is wrong on both counts. The Defendant made key decisions that advanced the carjacking plot. He volunteered to be the getaway driver, disposed of damning evidence, and directed his partners-in-crime as to where they needed to park the victim's car to avoid prying eyes. Accordingly, Defendant is neither a minimal nor a minor player in the offense.

The Guidelines provide that a defendant may receive a decrease in his offense level based on his role in the offense, either as a minimal participant or a minor participant. U.S.S.G. § 3B1.2(b). A minimal participant is "plainly among the least culpable of those involved in the conduct of a group," moreover, his "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of" his minimal role. *United States v. Washington*, 669 F. App'x 527 (11th Cir. Sept. 27, 2016) (citing U.S.S.G. § 3B1.2(a) cmt. (n.4)). In determining whether a defendant is entitled to a role reduction, the sentencing court: (1) "must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level"; and (2) "may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). Defendant must prove his mitigating role by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). But "a defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable

2

than the other discernable participants." *Id.* at 944.

Sentencing courts can consider the following factors when evaluating a defendant's role in the relevant conduct:

(i) The degree to which the defendant understood the scope and structure of the criminal activity;
(ii) The degree to which the defendant participated in planning or organizing the criminal activity;
(iii) The degree to which the defendant exercised decision-marking authority or influenced the exercise of decision-making authority;
(iv) The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
(v) The degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2(a) cmt. (n.3(C)(i–v)).

### B. Application to Facts Proven at Trial

#### i. *Scope and Structure.*

The Defendant understood the full scope of the criminal undertaking. As Blanc attested to at trial, Cesar was there for the birth of the conspiracy. He was with Blanc when Burns initially returned with the damaged rental vehicle, which was when Burns assured Blanc that they would find a replacement part by robbing another person. Cesar took an active role during subsequent conversations. In the early morning hours of May 3, 2023, shortly before starting their hunt for a victim, Burns, Blanc and Cesar planned out their next steps. As such, Cesar was fully aware of the purpose and scope of the illegal plan—he knew all the key players and their joint undertaking. He had as much information as Burns and Blanc, and the fact that Cesar did not participate in the burning of the rental vehicle does nothing to lessen his culpability, where he was tasked with the equally crucial role of disposing of the getaway car.

In *United States v. Ware*, the Eleventh Circuit affirmed denial of a minor-role reduction

3

under similar facts. 440 F. App'x 745, 750 (11th Cir. 2011). In *Ware*, three defendants agreed to "go hit a lick," that is, carjack a vehicle. *Id.* at 748. Two defendants fired at the victim's car, forcing them out of the vehicle. *Id*. The third defendant, Steiner, argued he was entitled to a minor-role reduction because his participation in the offense was limited to driving the getaway car. *Id*. at 750. The Eleventh Circuit disagreed. *Id.* The Eleventh Circuit also affirmed Steiner's § 924(c) conviction, noting that, as a co-conspirator, he was "liable as a principal for the use and possession of a firearm." *Id.* Nor was Ware entitled to a role-reduction because there was no evidence he carried or used the firearm during the carjacking. *Id.*

          ii. *Organization and Planning.*

As noted above, the Defendant took an active role in planning the carjacking. The evidence at trial unveiled that he volunteered to drive the getaway car because he was confident in his fleeing and eluding skills. Before the carjacking, when Blanc suggested they park the victim's vehicle in an empty field across from his house, Cesar rejected the idea, proposing instead that they stash the Hyundai Tucson in a parking lot a few streets over. This helped distance the defendants from the vehicle and, in the short term at least, helped them avoid law enforcement scrutiny. After the carjacking, Cesar, in an extension of his getaway driver role, drove the damaged Hyundai Tucson to a parking lot several miles from both the scene of the crime and Blanc's house. He was smart about it, too, leaving the vehicle in a residential parking lot that would not lead back to himself or his partners. But even accepting that the Defendant's argument that he lacked authority to dictate the course of the carjacking, his level of involvement with various key features of the plot make him ineligible for minor role. *See United States v. Herrera*, 405 F. App'x 438, 441–42 (11th Cir. 2010) (rejecting defendant's argument that, because he did not plan drug robbery, but was entitled to minor role, where defendant was among the first crewmembers slated to enter the victim's

house).

### iii. Decision-making Authority.

The above-cited conversations betray Cesar's substantial decision-making authority within the carjacking plot. This is unsurprising given the nature of the plan itself. This was not a sprawling drug conspiracy, and the Defendant was not a lowly drug courier. In fact, the Defendant was one of just three individuals who banded together to rob a sixty-three-year-old woman at gunpoint. And unlike the people who came into the plot after the carjacking—the individuals who assisted in taking the victim's car apart and setting it on fire—Cesar had considerable input into the crime itself: how it would unfold, and the tasks he would personally undertake. *See United States v. Granda*, 346 F. App'x 524, 529 (11th Cir. 2009) (affirming denial of minor-role reduction where defendant "played a far different role" in the conspiracy than "late-comers" to the conspiracy). That Cesar did not participate in the burning of the victim's car, contrary to the defense's assertion, shows his elevated status in the conspiracy. He chose to do certain tasks to further the illegal cause—driving the getaway car, disposing of the offending vehicle—and had the *authority* to decline to do other, less glamorous, tasks—taking apart the victim's car, hiding the bumper.

### iv. Participating in Criminal Activity.

Cesar played a crucial role in the conspiracy. The moment Burns got behind the wheel of the victim's car, Cesar sprang into action, moving the damaged rental vehicle out of the way so Burns could escape. Moreover, he decided to stash the damaged rental—which he undoubtedly knew would be the subject of a law enforcement lookout—away from Blanc's house to ensure the mission's success. Two things stand out from these facts: first, Cesar *volunteered* to do these things, highlighting his active role in the plot as well as his control over his actions; second, it was

his idea to drive the damaged Hyundai Tucson away from Blanc's house, which shows his own independent contributions to the scheme.  Finally, Cesar decided when and where to leave the getaway vehicle.  In fact, Blanc did not know where Cesar dropped off the vehicle, which is why Cesar was the one who arranged the vehicle's return with the rental employees.  Cesar's independence from his co-conspirators and his decision-making authority set him apart from the typical minor participant.  And far from showing he was among the least culpable defendants, these facts show that Cesar was—at best—no different from Blanc in terms of autonomy and authority, and certainly more culpable than those who followed Burns's orders in destroying the victim's car.  *See United States v. Pajaro-Cuadro*, 248 F. App'x 156, 159 (11th Cir. 2007) (defendant failed to establish mitigating role, where "the only evidence in the record about the other participants is that one of them was 'in charge' of the [cocaine transporting] boat and that they were all observed engaging in conduct identical to that of the defendant").

    v. *Personal Benefit.*

  Cesar had more to gain from the success of this criminal venture than he acknowledges in his Objections—he knew that a friendship with Blanc ensured a steady stream of cars for the Defendant to cruise in with potential partners. (DE 224:7).  To be sure, video evidence revealed that is exactly what Blanc and the Defendant did the night before they met with Burns to carjack a sixty-three-year-old woman for her car.

  But a damaged car would not help them with these future endeavors.  And they both knew this.  Blanc was financially liable for the damage Burns caused to the rental car.  The Defendant, on the other hand, was reliant on Blanc to rent out future cars—and he knew that would not happen if Blanc could not repair the existing damage to the rental car.  As such, while he had no monetary stake in the criminal venture's success, he had all the requisite motivation to ensure it succeeded.

6

## **CONCLUSION**

The Court should overrule Defendant's objections to the PSI in accordance with the government's arguments discussed above.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:   s/ *Stefan Diaz Espinosa*
      Stefan Diaz Espinosa
      Assistant United States Attorney
      Florida Bar No. 1010217
      99 N.E. 4th Street, 7th Floor
      Miami, Florida 33132-2111
      T. (305) 961-9124
      Stefan.Diaz.Espinosa@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using CM/ECF on April 7, 2025.

                                       _s/*Stefan Diaz Espinosa*_____
                                       Stefan Diaz Espinosa
                                       Assistant United States Attorney