**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-20336-LEIBOWITZ**

**UNITED STATES OF AMERICA**

**vs.**

**SCHNAIDER CESAR,**

**Defendant.**
______________________________/

**RESPONSE IN OPPOSITON TO *PRO SE* MOTION TO AMEND JUDGMENT (DE: 283)**

The United States of America, through the undersigned Assistant United States Attorney, files this Response to Defendant Schnaider Cesar's ("Defendant") *Pro Se* Motion ("Motion") to Amend Judgment. (DE: 283). In the Motion, the Defendant requests that the Court credit twenty months that he spent in custody pending trial in this matter toward his sentence in this case. The Court should deny the Motion for two reasons: (1) because the Defendant has failed to demonstrate that he exhausted the administrative remedies prior to seeking judicial intervention, as required; and (2) because the Defendant, who is currently housed in Pennsylvania, has failed to file the instant Motion before the appropriate district.

## I. RELEVANT FACTUAL BACKGROUND

On May 3, 2023, the Defendant and his co-defendants carjacked a victim. (Presentence Investigation Report ("PSI"), DE 231 at ¶5). During the carjacking, a co-defendant pointed a gun at the victim. (PSI, DE 231 at ¶5). On May 10, 2023, law enforcement arrested the Defendant for several state offenses and placed him in state custody. Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. F23009480.

On August 18, 2023, a Grand Jury in the Southern District of Florida indicted the Defendant for carjacking. (DE 1). On September 5, 2023, the U.S. Attorney's Office secured a Writ of Habeas Corpus ad Prosequendum to transport the Defendant from state custody at the Metrowest Detention Center so he could make his initial appearance in this case. (DE 9). On September 14, 2023, the Defendant had his initial appearance. (DE 13). On September 20, 2023, Magistrate Judge Lauren F. Louis ordered the Defendant detained pending trial. (DE 20).

On June 17, 2024, the Defendant went on trial for carjacking. (DE 101). On June 25, 2024, the jury was unable to reach a verdict. (DE 105). On December 9, 2024, the Defendant went on trial again. (DE 171). On December 18, 2024, a jury found the Defendant guilty of carjacking. (DE 190). On April 22, 2025, the Court sentenced the Defendant to 87 months in custody. (DE 232). The Court gave the Defendant no credit for his time in custody before sentencing. (DE 232). The Bureau of Prisons calculated that the Defendant was entitled to no credit for time served toward his federal sentence. Exhibit 1 at 2.

The Defendant now files the instant Motion, almost 19 months after his sentence was imposed, arguing that the Bureau of Prisons ("BOP") has failed to properly credit the time he served in both state and federal custody pending resolution of this case. The Defendant is currently housed at FCI Allenwood Medium, located near White Deer, Pennsylvania. This prison is within the jurisdiction of the Middle District of Pennsylvania.

## II. LEGAL FRAMEWORK

The computation of a federal sentence is committed to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 335, (1992) ("After a district court sentences a federal offender, the Attorney General, through ... BOP, has the responsibility for administering the sentence."). The applicable statute states in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

*See* 18 U.S.C. § 3585(a). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996) (internal quotation omitted).

Section 3585(b) provides that

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has held that § 3585(b) does not authorize a district court to award time-served credit at sentencing, but that instead the statute empowers the Attorney General, through the BOP, to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *see also United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) ("Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court."). To the extent a prisoner believes his credit for time served has been incorrectly calculated by BOP, they may seek judicial review in this respect only after exhausting all administrative remedies. *Id.* at 1259–60; *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). A district court cannot determine, in the first instance, whether to credit a defendant for time he served in state custody before

sentencing. *See generally United States v. Collins*, No. 21-13041, 2022 WL 1132373, at *1 (11th Cir. Apr. 18, 2022).

## III. ARGUMENT

### a. *The Defendant Failed to Demonstrate He Exhausted Administrative Remedies.*

The Defendant has not demonstrated that he has exhausted his administrative remedies. (DE 283). "The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.14(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden (a "BP-9" request), and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director (a "BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons (a "BP-11"). *Id.* There is no indication that the Defendant has pursued any step of these administrative remedies. Without additional information demonstrating that the defendant has exhausted those measures, judicial intervention is inappropriate.[1]

### b. *The Defendant Failed to File the Motion in the Proper District.*

Setting aside Defendant's need to demonstrate he exhausted administrative remedies, he also filed the Motion in the wrong district. Defendant's Motion should have been filed in his

---

[1] Understanding that the instant motion was filed *pro se*, the Government is endeavoring to confirm with BOP whether the Defendant has pursued any administrative remedies relating to the computation of his sentence. The Government respectfully requests leave to file a supplemental response to defendant's motion upon receipt of that information.

district of incarceration, not prosecution. Here, the Motion should likely proceed in the Middle District of Pennsylvania.

Section 2241 is the vehicle through which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 185-86 (1979); *Martorana v. United States*, 873 F.2d 283, 285 (11th Cir. 1989) (holding that when a prisoner challenges the execution of his sentence by the parole board, his remedy is through a 28 U.S.C. § 2241 petition for writ of habeas corpus). Thus, a challenge to the manner in which a prisoner's sentence is implemented is properly construed as a petition for habeas relief under 28 U.S.C. § 2241. *See Chambers v. United States*, 106 F.3d 472, 474 (2nd Cir. 1997) (A challenge to the execution of a sentence. . . is properly filed pursuant to Section 2241).

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 18 U.S.C. § 2241(a). Venue is thus constrained by jurisdictional limitations. *See Rumsfeld v. Padilla*, 542 U.S. 426 at 443 (2004). ("[T]he general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Here, the Defendant has filed the Motion in his criminal case, which was prosecuted in the Southern District of Florida. If construed as a 2241 petition (the proper legal vehicle), he must file it in the district of incarceration. Because he is currently incarcerated at FCI Allenwood, an institution within the Middle District of Pennsylvania, any 2241 petition should be filed within that district. Thus, the Court should also deny the Motion on improper venue and jurisdictional grounds.

## IV. CONCLUSION

For all the reasons stated above, the Court should deny the Motion.

Respectfully submitted,

YARA LORENZO KLUKAS
ACTING UNITED STATES ATTORNEY

By: */s/ Christian Harris*
Christian Harris
Assistant United States Attorney
Court ID No. A5503410
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9331
Email: Christian.Harris@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. A copy of this filing will be sent via certified mail to Defendant Shnaider Cesar, BOP Register No. 76926-510, at FCI Allenwood Medium, P.O. Box. 2000, White Deer, Pennsylvania 17887.

By: */s/ Christian Harris*
CHRISTIAN HARRIS
Assistant United States Attorney